IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HARPER, | : | |
|     Petitioner | : | Criminal No. 4:07-CR-00339 |
| v. | : | |
| | : | (Chief Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

**MEMORANDUM**

Presently pending before the Court is Petitioner Richard Harper's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 28.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court will deny Harper's motion as untimely.

**I.    BACKGROUND**

On September 14, 2007, Harper pled guilty to Count One of a criminal information charging him with possession of contraband by an inmate in violation of 18 U.S.C. § 1791(a)(2). (Doc. Nos. 1, 3, 14.) The plea agreement provided, inter alia, that the United States would recommend "that the Court impose the minimum prison term within the applicable guideline range." (Doc. No. 3 at 7.) Prior to sentencing, the United States Probation Office prepared a presentence report, classifying Harper as a career offender pursuant to U.S.S.G. § 4B1.1 because his two prior felony convictions for crimes of violence (assault and second-degree robbery) and the instant conviction were deemed felonious crimes of violence. (Doc. No. 22 at 2; Doc. No. 28 at 14.) As a result, Harper's guideline sentencing range was thirty-seven to forty-six months. (Doc. No. 22 at 2; Doc. No. 28 at 14.)

Harper appeared for sentencing on April 17, 2008, and his attorney did not object to his

1

classification as a career offender. The Court sentenced Harper to a term of imprisonment of thirty-seven months to be followed by a two-year term of supervised release. (Doc. No. 27.) Harper did not timely appeal his conviction or sentence.

On March 29, 2011, Harper filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 28.) In support of his motion, Harper claims that the United States Supreme Court's decision in <u>Begay v. United States</u>, 553 U.S. 137 (2008), renders him actually innocent of being a career offender because his conviction for the possession of a weapon in prison does not constitute a "crime of violence." (<u>Id.</u> at 4.) Harper further argues that his attorney rendered ineffective assistance in failing to argue at sentencing that Harper's conviction did not constitute a crime of violence for purposes of the career offender enhancement. (<u>Id.</u>) In the alternative, Harper claims that he is entitled to relief under 28 U.S.C. § 2241. (<u>Id.</u> at 11.)

On October 11, 2011, the United States filed a brief in opposition to Harper's motion. (Doc. No. 32.) Harper filed a reply brief on October 26, 2011. (Doc. No. 35.) The motion is now ripe for disposition.[1]

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the

---

[1] On July 27, 2011, the Court issued an Administrative Order with Notice of Limitations on Filing of Future Petitions under 28 U.S.C. § 2255 ("Administrative Order"). (Doc. No. 29.) After receiving no response from Harper within the required forty-five days, the Court issued an order on October 4, 2011, directing the Clerk of Court to serve a copy of Harper's § 2255 motion upon the United States Attorney for the Middle District of Pennsylvania (Doc. No. 30). Harper indicated in his reply brief that he never received the Administrative Order. (Doc. No. 35 at 21.) Therefore, the Court reissued the Administrative Order on October 31, 2011. (Doc. No. 36.) Harper filed his notice of election on November 7, 2011, choosing to proceed with his § 2255 motion as filed. (Doc. No. 37.)

sentencing court vacate, set aside, or correct the prisoner's sentence on the grounds that: "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Furthermore, § 2255 generally limits a federal prisoner's ability to attack the validity of his sentence to cure jurisdictional errors and errors which rose to the level of a constitutional violation. United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

The decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court. Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075.

### III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") fixes a one-year

3

limitations period for motions brought pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). Absent statutory or equitable tolling, the one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Because Harper did not timely appeal his judgment, the judgment became final on April 28, 2008, the date on which the ten-day time period for filing an appeal in the United States Court of Appeals for the Third Circuit expired. See Fed. R. App. 4(b)(1)(A)(i).[2] Thus, under § 2255(f)(1), Harper had one year from that date to file his § 2255 motion. Harper did not file the instant motion until March 29, 2011, nearly two years after the limitations period expired. (Doc. No. 28.) As a result, his motion is untimely. Harper, however, argues that his motion is timely because the exceptions provided in §§ 2255(f)(3) and 2255(f)(4) apply to his case. (Doc. No. 28 at 11; Doc. No. 35 at 10.) In the alternative, he argues that his late filing should be excused by the doctrine of equitable tolling and that he is entitled to relief under 28 U.S.C. § 2241. (Doc.

---

[2] Because the tenth day fell on a Sunday, Harper had until the following Monday, April 28, 2008, to file an appeal. Fed. R. App. 4(b)(1)(A)(i). The Court also notes that Rule 4(b)(1) was amended in 2009 to allow fourteen days after the entry of judgment for filing of an appeal.

4

No. 35 at 2-21; Doc. No. 28 at 12.) The Court will address each argument in turn.

### A. Section 2255(f)(3)

To the extent that Harper argues that his § 2255 motion is timely by application of § 2255(f)(3), such an argument lacks merit. Harper appears to contend that his motion is timely because the Court should determine that the one-year limitations period began to run on August 12, 2009, the date that the United States Court of Appeals for the Third Circuit issued its decision in United States v. Polk, 577 F.3d 515 (3d Cir. 2009). In Polk, the Third Circuit – relying on the Supreme Court's clarification of the definition of the "violent felony" provision of the Armed Career Criminal Act in Begay, which was decided one day before Harper was sentenced – held that the possession of a weapon in prison is not a "crime of violence" for purposes of the career offender sentencing guidelines. 577 F.3d at 520. Even if the Court were to accept Harper's contention and conclude that the starting date of the limitations period was the date on which Polk was decided, Harper's motion was still filed over seven months late. Therefore, his motion is untimely under § 2255(f)(3).

### B. Section 2255(f)(4)

To the extent that Harper argues that his § 2255 motion is timely by application of § 2255(f)(4), such an argument also lacks merit. Harper appears to contend that his motion is timely because the Court should determine that the one-year limitations period began to run on January 5, 2011, the date on which he received a letter from his trial counsel, informing him of the Begay decision and stating that she "should have objected [at sentencing] to [Harper's] classification as a career offender to preserve the issue." (Doc. No. 28 at 14.) Harper contends that "the facts supporting this claim were not discovered by [him] until he received . . . [this]

5

letter . . ., and that he . . . acted with due diligence in trying to determine the status of the law vis-a-vis the possession of a weapon in prison." (Id. at 11.)

First, the Court notes that Harper's contentions of acting with due diligence to determine the status of law do not trigger the application of § 2255(f)(4) because that subsection only applies to "facts." Although the Third Circuit has not directly addressed this issue, other courts of appeals have held that court decisions establishing rules of law are not new discoverable "facts" for § 2255(f)(4) purposes. See Lo v. Endicott, 506 F.3d 572, 575-76 (7th Cir. 2007); Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005); Brackett v. United States, 270 F.3d 60, 69 (1st Cir. 2001) (in the context of § 2244(d)(1)(D)). Second, discovery through the exercise of due diligence is not the same as actual understanding. Section 2255(f)(4) gives a petitioner the benefit of a later starting date of the limitations period only if vital facts could not have been known by the date that his conviction became final. In other words, the limitations period begins when the petitioner knows – or, through diligence, could discover – the important facts, not when the petitioner recognizes their legal significance. See Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (addressing 28 U.S.C. § 2244(d)(1)(D)). Although Harper may not have recognized the legal significance of his trial counsel's failure to object to his classification as a career offender at sentencing until he received a letter from counsel on January 5, 2011, the Court finds that Harper was already aware that his counsel did not make such an objection at sentencing. Therefore, Harper's discovery of the legal significance of his counsel's failure to make an objection at sentencing does not alter the starting date of the limitations period pursuant to § 2255(f)(4).

C.   **Equitable Tolling**

In the alternative, Harper argues that even if his § 2255 motion was untimely, he is entitled to equitable tolling. While the AEDPA does not mention equitable tolling, the Supreme Court recently held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate circumstances." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). In determining whether equitable tolling should be granted, the Court must address two questions: "(1) whether the petitioner faced extraordinary circumstances that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit, however, has made clear that "[t]he remedy of equitable tolling is extraordinary, and we extend it only sparingly." Santos v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (internal quotation marks omitted). Harper argues that the Court should excuse his delay because he suffers from bipolar disorder, which – along with his lack of legal knowledge, various solitary confinements, and delays in obtaining relevant legal documents, among other circumstances – prevented him from filing a timely § 2255 motion.

"[M]ental incompetence is not a per se reason to toll a statute of limitations." Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), overruled in part on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). But the Third Circuit has held that mental incompetence may constitute an extraordinary circumstance for equitable tolling purposes if the "alleged mental incompetence . . . affect[s] the petitioner's ability to file a timely habeas petition." Id. (internal citations omitted). Similarly, in Riva v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010), a case on which Harper heavily relies, the United States Court of Appeals for the First Circuit held that "[t]here must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief." In other words, for the Court to conclude that Harper is entitled to equitable tolling,

7

Harper must set forth facts or allegations demonstrating that his bipolar disorder prevented him from complying with the filing deadline. To make this determination, courts have considered such factors as: (1) whether the petitioner was institutionalized or adjudged mentally incompetent; (2) whether the petitioner handled or assisted in other legal matters during the relevant period; and (3) whether the petitioner's alleged illness or impairment is supported by extrinsic evidence, such as evaluations or medications. See Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010); Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008); see also Horne v. Tennis, No. 09-1562, 2011 WL 221725, at *1 (E.D. Pa. Jan. 20, 2011).

Harper's affidavit states that he has suffered from behavioral and social problems since the age of seven, and that he was diagnosed with bipolar disorder at the age of thirteen. He asserts that he has "suffered from bipolar illness consistently" since that time, rendering him incapable of controlling his behavior or understanding complex matters. Further, Harper asserts that his bipolar disorder prevented him from pursuing his rights during the limitations period because: (1) he has received no treatment for his bipolar disorder in prison; (2) despite his efforts to do so, he was unable to research and understand the relevant law; (3) he was transferred, placed in solitary confinement, and prevented from accessing legal materials at various times; and (4) he suffered "episodes of extreme mania" after another prisoner, who agreed to draft his § 2255 motion in March 2009, was shot and killed in April 2009.

The Court finds that Harper's mental health problems do not rise to the level of an "extraordinary circumstance" that warrants equitable tolling. First, although Harper asserts that he was diagnosed with bipolar disorder at the age of thirteen, prescribed lithium and stelazine at that time, and attended counseling and therapy sessions during his youth, he does not assert that

he was ever institutionalized, adjudged mentally incompetent, or sought any treatment for his disorder as an adult. (See Doc. No. 35 at 25.) Second, there is no indication that Harper's bipolar disorder rendered him so incapacitated that he was incapable of "managing his affairs and . . . understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996), cert. denied, 519 U.S. 937 (1996) (emphasis added). Although Harper states in his brief in opposition that, from April 27, 2008 until December 23, 2008, his bipolar disorder "swung drastically from lengthy periods of mania into lengthy periods of manic-depression," which prevented him from "trying to determine the status of law," Harper acknowledges in his affidavit that he was aware of both the Supreme Court's Begay decision and his right to file a § 2255 motion at some point during this period. Further, he acknowledges that, in February 2009 – still within the one-year limitations period – he informed another prisoner, Warren Black, of "his desire to file a § 2255 [motion]" and Black agreed to file the motion for him. (Doc. No. 35 at 13-14, 28-31.) Harper alleges that Black was shot and killed "a couple of weeks" after April 6, 2009 and, as a result, his § 2255 motion was never filed. He further alleges that he suffered "extreme mania" due to Black's death, which prevented him from seeking legal assistance from another prisoner. (Id. at 30-31.) Accepting Harper's allegations regarding his medical condition as true, Harper's statements recognize that his bipolar disorder, although burdensome, did not prevent him from learning of his right to file suit and, in fact, seeking to file a § 2255 motion during the one-year limitations period. See Martin v. Ayers, 41 F. App'x 972, 973 (9th Cir. 2002); see also United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003) ("[A] mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling.").

Moreover, Harper is not entitled to equitable tolling because he was transferred from one penitentiary to another, placed in solitary confinement at various times, and not always able to communicate with other prisoners who possessed legal knowledge. Ordinary incidents of prison life, such as being placed in segregation or being transferred from one prison to another, are not the type of extraordinary events that make it impossible to file a timely habeas petition. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009); see also Saldana v. Artuz, No. 99 Civ. 5089 (DC), 2000 WL 1346855, at *2 (S.D.N.Y. 2000). Similarly, Harper is not entitled to equitable tolling because of alleged prison lockdowns, which prevented him from accessing a law library. Prisoners must take such routine restrictions of prison life into consideration when calculating when to file a federal petition. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that a prisoner's lack of access to a law library is not, by itself, an unconstitutional impediment); see also Saldana, 2000 WL 1346855, at *2.

Harper has not shown that extraordinary circumstanced exist warranting equitable tolling. Accordingly, his § 2255 motion is untimely.

**D.  Section 2241**

Finally, Plaintiff requests that the Court construe his § 2255 motion as one made pursuant to § 2241 because "he is actually innocent of his sentencing enhancement, and his continued incarceration for the illegal enhancement constitutes a miscarriage of justice." (Doc. No. 28 at 11.) Generally, a federal prisoner raises a collateral attack to a sentence through 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). But a prisoner can proceed under 28 U.S.C. § 2241 if a § 2255 motion is "inadequate or ineffective." In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). The Third Circuit has explained that this "safety-

10

valve" applies when a prisoner has been convicted and imprisoned for conduct since deemed not to be criminal. See id. at 251 (explaining that a federal prisoner can use § 2241 where he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate").

Harper does not contend that he is innocent of the offense for which he was convicted. Rather, he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception provided in Dorsainvil does not apply. See Okereke, 307 F.3d at 120 (holding that a petitioner could not use § 2241 to bring an Apprendi claim because, "[u]nlike the intervening change in law in In re Dorsainvil that potentially made the crime for which the petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal."). Harper has not shown that § 2255 is "inadequate or ineffective" to challenge his sentence. Accordingly, the Court will not construe his § 2255 motion as one made under § 2241.

## IV. CERTIFICATE OF APPEALABILITY

In proceedings brought under 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Coleman's claims. A COA will not issue in this case.

## V.	CONCLUSION

The Court concludes that Harper failed to timely file his § 2255 motion, and that he is not entitled to equitable tolling. Further, the Court will not construe the motion as one made pursuant to § 2241. Whether to grant an evidentiary hearing is committed to the sound discretion of the Court. <u>Forte</u>, 865 F.2d at 62. The record in this matter conclusively indicates that Harper is not entitled to relief. As a result, the Court finds that no evidentiary hearing is required. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HARPER, | : | |
|     Petitioner | : | Criminal No. 4:07-CR-00339 |
| v. | : | |
| | : | (Chief Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## ORDER

**AND NOW**, this 6th day of January 2012, **IT IS HEREBY ORDERED THAT** Petitioner Richard Harper's motion to vacate, set aside, or correct sentence (Doc. No. 28) is **DENIED**. **IT IS FURTHER ORDERED THAT** a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
